UNITED STATES, Appellee,

v.

Gary W. JONES Specialist Four, U.S. Army, Appellant.

No. 42,279.

CM 16474.

U. S. Court of Military Appeals.

Aug. 2, 1982.

---

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Major Raymond C. Ruppert, Major Joyce E. Plaut, Captain Thomas R. Peppler* (on petition).

For Appellee: *Major John T. Edwards* (on petition).

*Opinion of the Court*

PER CURIAM:

Appellant was found guilty by a special court-martial consisting of a military judge alone of possessing, transferring, and selling 14.93 grams of hashish, in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence to a bad-conduct discharge, confinement for 4 months, partial forfeitures of pay for 6 months, and reduction to the lowest enlisted grade was approved by the convening authority; the findings and sentence were then affirmed by the United States Army Court of Military Review. We granted review on a specified issue concerning denial of a defense request that a prospective witness be granted immunity. 13 M.J. 19.

Defense counsel claimed that the requested witness might establish agency with respect to the single specification alleging that appellant had sold the hashish. However, our review of the record convinces us that no reasonably foreseeable testimony from this witness would have raised this defense. The Government did call as a witness the Special Agent of the Criminal Investigation Division (CID) who negotiated and made an undercover purchase of the hashish from appellant. Nothing in his cross-examination indicates how the witness requested by the defense—or any other witness imaginable—could have revealed any way appellant could have been considered an agent in negotiating the sale for someone else. Moreover, appellant offered no testimony and no evidence; his counsel offered no argument as to his innocence. Accordingly, despite some divergence of views among the members of this Court as to the principles applicable to grants of testimonial immunity in military justice, *see United States v. Villines*, 13 M.J. 46 (C.M.A.1982), and *United States v. Martin*, 13 M.J. 66 (C.M.A.1982), we are in full agreement that in the case at hand appellant was not prejudiced by the military judge's refusal to grant the relief he requested.

Accordingly, the decision of the United States Army Court of Military Review is affirmed.